No. 12,724.

## COOPER, ADMINISTRATOR, v. WILLIAMS.

DECEDENTS' ESTATES. — *Administrator.* — *Care Respecting Property.* — An administrator is required to adopt such precautions against loss to property coming under his care as ordinarily prudent men are accustomed to employ with respect to their own property.

SUPREME COURT.— *Weight of Evidence.*—A judgment will not be reversed, on the weight of the evidence.

From the Gibson Circuit Court.

*M. W. Fields* and *J. W. Ewing*, for appellant.
*W. M. Land* and *J. B. Gamble*, for appellee.

MITCHELL, J.—Cooper, as administrator of the estate of John D. Williams, deceased, submitted his final settlement report to the Gibson Circuit Court at its September term, 1885. After charging himself with the amount of the inventory of personal property, and taking credit for property taken by the widow, and for various items of disbursements, there appeared to be in his hands the sum of $365.69.

In a statement appended to the report, the administrator represented to the court that an item of $350, which appeared on the inventory with which he was charged, was the appraised value of a quantity of corn in cribs, estimated, when appraised, at one thousand bushels. He stated further, that when he came to sell and weigh out the corn, it was found to be badly damaged and unmerchantable; that it fell short of the estimate, and that for these reasons, and for the further reason that the purchaser of fifty-four bushels subsequently became insolvent, he had only realized the sum of $162.45 for the corn. He asked that he might be credited on his account with $187.55, the difference between the amount realized and the amount with which he stood charged on the inventory.

At the proper time, Emily Williams, widow of the decedent, appeared and filed exceptions to the report. She alleged that, on the 1st day of November, 1883, when Cooper was

appointed and qualified as administrator, the estate owned a. crop of corn, consisting of eighty acres, standing in the field ready to be gathered; that the crop would have yielded an average of seventy-five bushels per acre, and was worth twenty-five cents a bushel in the field, and would have brought that if it had been gathered and sold seasonably,. and that after deducting twelve bushels per acre, the landlord's share, there would have remained five thousand bushels upon which the estate could have realized twenty-five cents a bushel. She charges that the administrator failed to inventory the corn until the 5th day of the following March; that he refused to sell it either at public or private sale,. and refused the decedent's heirs permission to gather it in; that he neglected the crop and permitted it to stand in the field, which he knew was liable to overflow in seasons of high water, where it remained exposed to injury by floods. until the month of February, 1884, when it was gathered into cribs, and afterwards inventoried. Meanwhile it is. alleged, the crop was overflowed by high water and damaged in the sum of $1,000. The exceptor prayed that the administrator be charged with $1,250 on account of the corn crop, instead of $350.

The matter being thus at issue, was submitted to the court. for trial. After hearing the evidence the court found and adjudged that the administrator was not entitled to the deduction claimed by him on account of the alleged loss sustained in failing to realize the sum at which the corn was. appraised. His claim for services as administrator, amounting to $18.26, was also rejected. Otherwise his account was approved.

The administrator brings the record here and asks a reversal on the evidence.

The only question presented for the consideration of this court, therefore, is: Was there any legal evidence fairly tending to sustain the finding and judgment of the court below?

The evidence discloses that the appellant owned the land

upon which the corn was raised, the decedent having rented it under an agreement that he was to yield to the landlord, as rent, twelve bushels of shelled corn per acre, to be delivered on the river bank in sacks.

All the witnesses agree that the crop would have yielded fifty bushels per acre and upward, if it had been gathered before the overflow. As it was, when gathered, it produced one thousand one hundred and fifty-one bushels of shelled corn and one hundred and eighty-eight and a half bushels of cars. Out of this the appellant took as his rental, eight hundred and sixty-four bushels of the shelled corn, leaving for the estate, two hundred and eighty-seven bushels, besides the corn in the ear. From the proceeds of this was to be paid the expense of gathering, shelling and sacking the whole. To say the least, the result attained was most disastrous for the estate.

The land upon which the corn was grown constituted part of the Wabash bottom, and the evidence tended to show that it was accustomed to overflow during the winter freshets. There was evidence, some of it from the appellant's witnesses, tending to show that, by the exercise of diligence, the corn might have been gathered in the first part of November, following the appellant's appointment as administrator. During the middle and latter part of the month the land was submerged. The water did not recede until in December. After the water receded the corn was gathered diligently.

Upon the whole evidence, while there may be some question whether the preponderance lies on the side of the appellant's diligence, or whether it establishes negligence, there can be no dispute but that there was evidence which fairly supports the conclusion that the appellant failed to exercise that degree of promptness in having the crop secured that its hazardous situation required.

With respect to property which comes under the care of administrators, they are required to adopt such precautions against loss, and exercise such forethought for its security as

ordinarily prudent men are accustomed to employ in refer-
ence to their own property.

There is evidence in the record fairly justifying the con-
clusion, which the court below must have reached, that the
appellant failed to conform to this requirement.

As we are not permitted to consider evidence with a view
of determining on which side the preponderance lies, we can
not disturb the finding below.

Judgment affirmed, with costs.

