FAIR SHARE ORGANIZATION *v.* MITNICK D/B/A CENTRAL 4TH STREET DRUGS.

[No. 30,596. Filed May 26, 1964.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Fox, Franceschini, Transki & Martin,* of Michigan City, for appellee.

PER CURIAM.—This appeal comes to us by transfer from the Appellate Court under Cause Number 20,153 on the ground that a constitutional question is involved.

It appears from the record that the appellee-Mitnick brought an action against the appellant to enjoin the appellant temporarily and permanently from picketing appellee's place of business. After a hearing on the merits for the temporary injunction, the trial court granted the same. From this interlocutory decree appellant appealed. The appeal was affirmed in an opinion by the Appellate Court on March 19, 1963, 134 Ind. App. 675, 188 N. E. 2d 840. We denied transfer on June 18, 1963, 244 Ind. 117, 191 N. E. 2d 100.

The present appeal arises from the granting of a permanent injunction by the trial court upon a final trial. The appellee argues in this appeal that the appellant seeks to raise the same identical questions raised in the previous appeal from the interlocutory order granting the temporary injunction. In the briefs filed in both appeals, appellant states "What the issues were" in identical language, namely:

"Appellee, MORRIS MITNICK, doing business as CENTRAL FOURTH STREET DRUGS, filed its verified complaint for injunctive relief and $25,000.00 damages, which verified complaint was amended, charging that appellant was unlawfully picketing a certain store belonging to appellee. Appellant filed a verified answer containing denials and averring that the relief sought by appellee was prohibited by Indiana's Anti-Injunction Act; that appellant was engaged only in the peaceful dissemination of information regarding the labor dispute without fraud, violence or other unlawful acts; that appellant's acts were within the protection of the 14th Amendment to the Constitution of the United States of America, Article I, and Sections 9 and 31 of the Constitution of the State of Indiana."

The condensed recital of the evidence in each case is the same. On the hearing for a permanent injunction, each of the parties herein resubmitted the evidence heard by the trial court on the temporary injunction. No additional or new evidence was heard.

The constitutional question sought to be determined here was whether there was an infringement of the constitutional right to free speech and picketing. This same question was raised and considered in the previous appeal.

Under the circumstances, the principle known as the "law of the case" is applicable here. The decision of a

court of appeals rendered upon a given state of facts becomes the law of the case applicable to such state of facts. Of course, upon a new trial, if new evidence is introduced and a new state of facts presented, we have a different case, and the trial court is not conclusively bound by the previous decision; but if the cause is submitted for a retrial upon the same facts upon which the decision was originally rendered, such decisions remains the law of the case and the trial court is bound thereby, as well as an appellate court on a subsequent appeal. *Egbert* v. *Egbert, et al.* (1956), 235 Ind. 405, 132 N. E. 2d 910; 2 I. L. E., *Appeals*, §478.

Appellant, however, contends that upon the hearing of the permanent injunction, as distinguished from the temporary injunction, there is a difference in the quantum of evidence requisite for the granting of the permanent injunction, namely, a preponderance of evidence in the final case, as distinguished from the making out of a prima facie case for holding the parties in status quo pending the hearing on the permanent injunction. 16 I. L. E., *Injunctions,* §96.

However, we on appeal will not weigh the evidence or determine its preponderance. Such duty is that of the trial court—not an appellate court. 2 I. L. E., *Appeals*, §571; *Phillips* v. *Thorne* (1885), 103 Ind. 275, 2 N. E. 747; *Cooper, Administrator* v. *Williams* (1887), 109 Ind. 270, 9 N. E. 917; *Schrenker, Executor, etc.* v. *Grimshaw, et al.* (1954), 124 Ind. App. 493, 119 N. E. 2d 432.

We find that no constitutional question is involved in this case, but merely the application of the principle of the "law of the case".

This cause is therefore remanded to the Appellate

Court, with directions that it affirm the judgment of the trial court under the authority of this opinion.

Jackson, J., concurs in result.

NOTE.—Reported in 198 N. E. 2d 765.