Daniel Kevin SELTZER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 584S175.

Supreme Court of Indiana.

March 12, 1986.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Daniel Seltzer was convicted after trial by jury of murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.), and was sentenced to a term of imprisonment of 50 years. He raises the following issues in this direct appeal:

   1. Whether the trial court erred in admitting as evidence the fruits of a search of Seltzer's apartment over his objection that the warrant was issued on less than probable cause;

2. Whether the trial court erred during the hearing on the motion to suppress by admitting testimony extrinsic to the evidence considered by the magistrate who issued the warrant;

3. Whether the court erred in admitting photographs of the victim's body; and,

4. Whether the court erred in allowing evidence during rebuttal which appellant claims properly belonged in the State's case in chief.

We affirm.

## I. Probable Cause

It is true, as the State argues, that appellant has invited waiver of this issue and Issue II by his failure to make timely objections at trial to the admission of the evidence of the search and seizure. Nonetheless, we will examine the merits.

On June 11, 1983, the Mishawaka Fire Department was called to extinguish a fire at the residence of the victim, George Lamphere, where Mr. Lamphere's badly burned body was discovered. An autopsy revealed that Mr. Lamphere died not from the blaze but by strangulation.

Three days later, the South Bend Crime Stoppers program received an anonymous telephone call regarding the murder. The caller informed Crime Stoppers that he was acquainted with appellant and that Seltzer had admitted to him that he had killed Mr. Lamphere. The informant stated that Seltzer had described to him tying the victim's hands with a necktie, striking him repeatedly in the face, and pouring SnoBowl down his throat. Seltzer told the informant he set several fires in the apartment before leaving. The informant told Crime Stoppers he saw in Seltzer's residence some property stolen in the crime, namely record albums, a gold watch, a W-2 form, a digital pen, a television set, and a high school class ring from a school with a name sounding something like "Demont". The informant also reported that Seltzer had stolen Lamphere's car and had accidentally backed it into a mail box. He said Seltzer had two roommates named Bob and Paul and he gave their address.

A search warrant was issued based upon this information and upon the following corroborating information which was included in the affidavit of probable cause. The investigating officer learned from the victim's family that he had a class ring from Dedham High School in Massachusetts. The officer saw the victim's car, which had been abandoned, and the right rear bumper was scratched. A half-burned necktie was found after the fire was extinguished, and the fire had indeed started at several spots. The officer confirmed with a postal employee that the informant had correctly named Seltzer's roommates, although the address given was slightly incorrect.

Appellant claims the warrant was issued without probable cause. He argues that the affidavit was lacking in sufficient corroboration of the informant's tip so that the hearsay information was not shown to be reliable.

■ Appellant correctly states the law as it existed at the time of his arrest: when probable cause was to be based on an informant's tip, the affiant was required to set forth facts establishing, first, the basis of the informant's knowledge and, second, the reliability of his information. *Aguilar v. Texas* (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, *modified by Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527; Ind.Code § 35–33–5–2 (Burns 1982), amended Sept. 1, 1984, Ind.Code § 35–33–5–2 (Burns 1985 Repl.). He concedes the basis of the informant's tip was shown by the statement that Seltzer recounted to him the story of the murder and that the informant saw the stolen goods in Seltzer's apartment. However, he claims that the informant's reliability was not shown.

■ An informant's reliability may be shown by corroborating facts which provide a substantial basis for crediting the tip. *Pawloski v. State* (1978), 269 Ind. 350, 380 N.E.2d 1230. Appellant argues the corroborating information was insufficient because the fact that the fire had started in

several sources had been revealed in the newspapers prior to the tip and because the informant's knowledge of the names of Seltzer's roommates only showed they were acquainted. He argues further that the existence of a necktie in a man's residence is not at all uncommon nor is a scratch on an automobile bumper. Therefore, he claims, these facts have no corroborative effect.

The trial court agreed that these facts, each standing alone, would not give a substantial basis for crediting the tip. However, in ruling that the affidavit established probable cause, the court stated that these facts, although minor, were not to be ignored. The court went on to state that the corroboration of the informant's statement about the class ring, which had not been discussed in the newspapers, *was* substantial, and, all things considered, probable cause had been established.

■ Our review and the trial court's review of a magistrate's ruling on probable cause should be deferential. *Gates, supra,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527; *Aguilar, supra,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Probable cause means a *probability* of criminal activity, not a prima facie showing. *Brinegar v. U.S.* (1949), 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Blalock v. State* (1985), Ind., 483 N.E.2d 439. Here, the informant's tip was corroborated by several facts, the most telling of which was the existence of the class ring. The trial court ruled correctly that the magistrate was presented with sufficient facts to establish a substantial basis for believing the tip was credible and was not fabricated from "whole cloth". *See Spinelli v. U.S.* (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, *discussing Draper v. U.S.* (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

## II. Suppression Hearing

At the suppression hearing the appellant presented testimony and exhibits to show that much of what was contained in the informant's tip had been printed in the newspaper. Seltzer claims the trial court

erred when it then allowed the State to elicit testimony from a Crime Stoppers employee, from the informant, and from the officer who obtained the warrant and conducted the search. The Crime Stoppers employee was allowed to testify only that she received the tip and when. The informant testified that he was an employee and friend of appellant's and he stated when and where appellant had told him about the crime, but he was not allowed to testify as to what appellant had told him. Sergeant Schwarz testified about checking the address given with the postal worker and about confirming the information about the class ring and the automobile damage. Schwarz was allowed to testify about the fruits of the search because, the court stated, "I don't know how I can grant the motion to suppress if I don't get the answer to this question". The court ultimately denied the motion to suppress.

■ Appellant is correct, and the trial court stated the principle several times, that it could not determine the existence of probable cause by any of the State's evidence other than that which was presented to the issuing magistrate. *Mowrer v. State* (1983), Ind.App., 447 N.E.2d 1129. The trial judge did state when he allowed the limited testimony from State's witnesses that he did not believe the State was bound by the defense exhibits. That is, the defense had offered the newspaper articles in an attempt to show the informant had simply read a newspaper. Thus, the court ruled the State could present evidence to show that not *all* the information was public knowledge.

Regardless of appellant's allegation that the court should have disallowed the State's evidence in its entirety, we believe the Court of Appeals correctly stated the issue in *Flaherty v. State* (1983), Ind.App., 443 N.E.2d 340, where at Flaherty's suppression hearing the State attempted to support its claim of probable cause by extrinsic evidence. The issue is "whether the affidavit itself, without additional information or testimony presented after the search warrant is executed, alleges suffi-

cient facts upon which the issuing authority could have made an independent determination of probable cause". *Id.* at 343.

This was clearly the standard used by the trial court, and we agree that the magistrate correctly found probable cause to issue the warrant.

### III. Photographs

Seltzer next claims the court abused its discretion by allowing into evidence five photographs. Although the record is unclear, it appears that four of the photographs admitted were of different views of the burned apartment, at least two of which depicted the victim's body. The fifth photograph was a pre-autopsy picture of the victim's body. The court disallowed admission of eleven other photographs of the victim on the grounds they were repetitive.

■ Appellant argues the gruesomeness of the photographs rendered them more prejudicial than relevant, especially in light of his stipulation as to the identity of the victim. Notwithstanding the stipulation, the photographs of the body were relevant to assist the jurors in understanding the case before them. *Whitfield v. State* (1977) 266 Ind. 629, 366 N.E.2d 173. A trial court may exercise wide discretion in determining the admissibility of photographic exhibits. *Dresser v. State* (1983), Ind., 454 N.E.2d 406. Naturally, these photographs were gruesome, but the law does not require that gruesome crimes be sanitized for presentation to a jury. As they had a modicum of relevance and since the trial court had already exercised considerable discretion in rejecting several photographs, we find that it was not error to admit these.

### IV. Rebuttal

Finally, Seltzer claims the trial court erred in allowing the State to present rebuttal evidence which he claims should have been part of the case in chief. The victim's neighbor had testified she heard noises and saw a man leaving the victim's apartment at approximately 12:30 a.m. Anticipating that the defense would promote the inference that the informant, Reid, had in fact committed the murder, the State presented during its case in chief two witnesses, Reid and Mr. Fritsche, who testified that Reid was at a party during the time the murder was probably committed. The defense then called two witnesses who said Reid left the party around midnight and that everyone was gone by 1:00 a.m. Thereafter, during State's rebuttal, a Mr. Linde testified he and Reid left the party together at 1:45 a.m..

■ Rebuttal evidence is any competent evidence used to explain, contradict, or disprove the adversary's proof. *Buchanan v. State* (1975), 263 Ind. 360, 332 N.E.2d 213. As in *Buchanan*, the appellant has failed to cite authority for the proposition that rebuttal is limited to refutation of *new* issues. Besides, any error was harmless as appellant was given and declined the opportunity to present surrebuttal. *Williams v. State* (1980), Ind.App., 408 N.E.2d 123.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.