**William HICKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S99.**

Supreme Court of Indiana.

July 30, 1987.

Susan K. Carpenter, Public Defender, Christopher Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

On August 10, 1982, appellant was charged with Burglary and Attempted Theft. On August 23, appellant entered a plea of guilty to both counts. On August 31, the prosecutor filed an "Information of Habitual Offender." The trial judge sustained appellant's motion to dismiss the habitual offender allegation.

The State took an appeal to this Court and the trial court was reversed on September 30, 1983. The cause was remanded to the trial court with instructions to grant Hicks' motion to dismiss and to grant the State's motion to amend. The court was also instructed to bring Hicks into court for a hearing at which he was to be advised of the effect of a successful habitual offender adjudication on his sentence for the underlying felony. It was further ordered that he should be allowed upon motion to withdraw his plea of guilty. Upon remand, the State added the habitual offender charge and appellant withdrew his plea of guilty.

A jury trial commenced on August 27, 1984, resulting in the conviction of appellant. The trial court sentenced appellant to twenty (20) years, which was enhanced by thirty (30) years by reason of the habitual offender finding. Appellant now appeals that conviction.

In the first three assignments of error in his brief, appellant states: 1) the trial court erred by sentencing him to a term greater than the twenty (20) years he had originally received; 2) the trial court erred in overruling his objection to further proceedings which could result in an increased sentence; and, 3) the trial court erred in overruling his written objections to further proceedings because this Court's prior opinion, *State v. Hicks* (1983), Ind., 453 N.E.2nd 1014, (DeBruler, J., dissenting), was in error.

The State is correct in observing that these issues have been resolved adversely to appellant and constitute the law of the case for purposes of this appeal. *Fair Share Organization v. Mitnick* (1964), 245 Ind. 324, 198 N.E.2d 765.

■ Appellant claims the trial court erred in denying his motions for change of judge, filed on May 29, 1984, and August 20, 1984. Appellant takes the position that, since the trial judge had previously accepted his guilty pleas and sentenced him, he was therefore disqualified to preside at the trial. Indiana Rules of Criminal Procedure, Criminal Rule 12, provides among other things:

"[W]here a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial."

The cause was remanded to the trial court on December 6, 1983. On January 31, 1984, appellant entered his plea of not guilty to the charges. On February 27, a jury trial was scheduled for April 18, 1984. Appellant filed his first motion for change of judge on May 29, 1984, thus appellant did not satisfy the procedural requirements for a timely change of judge. *Smith v. State* (1985), Ind., 477 N.E.2d 857.

The second motion for change of judge, filed on August 20, 1984, alleged that the judge had accepted his previous guilty pleas and also that the judge was a party-defendant to a complaint filed by appellant. In *State ex rel. Jeffries v. Lawrence Circuit Court* (1984), Ind., 467 N.E.2d 741 and *State ex rel. Gaston v. Gibson Circuit Court* (1984), 462 N.E.2d 1049, this Court ruled that a change of judge in criminal cases is governed by Ind.R.Cr.P. 12 and that under the rule the change of judge in a criminal case is discretionary rather than mandatory. Appellant urges that the rulings in *Jeffries* and *Gaston* are incorrect and that those decisions should be reconsidered; however, we decline to do so.

■ We have previously held that a denial of change of judge will be reversed only on a clear abuse of discretion. *White v. State* (1982), Ind., 431 N.E.2d 488. The fact that a defendant has appeared before a certain judge in prior actions does not establish the existence of prejudice or bias. *Clemons v. State* (1981), Ind., 424 N.E.2d 113; *Brim v. State* (1984), Ind., 471 N.E.2d 672. We see no evidence in this record of bias or prejudice on the part of the trial judge; therefore, we see no abuse of his discretion in denying the change.

Appellant claims the trial court erred in denying his request that juror Wilson be discharged because he had obtained information about appellant's background subsequent to being sworn and admonished by the trial court. After being impaneled, ju-

ror Kurt Wilson, a vice-president and chief of the investment department of a Lafayette Bank and Trust Company, advised the trial judge that upon his return to the bank following jury selection, one of his colleagues informed him that the bank had administered a trust fund of which appellant had been a beneficiary. Wilson stated the relationship between appellant and the bank had terminated some time before 1976 and that he had no personal knowledge of the transactions.

■ In addition, he testified before the trial judge that his position at the bank and the bank's relationship with appellant would have no effect based on his information at that time. He did state that he could be affected because of his contact with people who had personal knowledge about appellant. However, he stated that he had not at that time talked to anybody about appellant and he was admonished by the court that he was to refrain from such discussions. There is nothing in this record to indicate that any such discussions ever occurred. This record indicates the trial court did not abuse its discretion in allowing Wilson to serve as a juror. *See Rushen v. Spain* (1983), 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267.

Appellant claims the trial court erred in denying his request to ask state witness, Detective Payne, questions regarding the polygraph examination of Danny Robbins, the son of the victim of the burglary. It is appellant's position that he entered Harry Robbins' home by Robbins' consent in that Harry Robbins had entered into an arrangement with his son Danny to elicit appellant's aid in faking a burglary for the purpose of perpetrating an insurance fraud. Appellant took the position that Danny Robbins had failed a polygraph examination on the subject.

■ The fact that a witness took a polygraph examination or the results of that examination are inadmissible unless there is a stipulation by the parties as to the admission of such evidence. *Wallace v. State* (1983), Ind., 453 N.E.2d 245. Appellant acknowledges this to be the law in Indiana. However, he urges this Court to reconsider its position concerning the admissibility of polygraph examinations. We recently have declined a similar invitation. *Johnson v. State* (1985), Ind., 472 N.E.2d 892. We hold the trial court did not err in excluding evidence of the polygraph examination.

Appellant claims the trial court erred in granting the State's motion in limine preventing him from questioning Robbins or Richard Dean Smith as to prior burglaries or the polygraph examination taken by Danny Robbins. For the reasons above stated, the trial court did not err in issuing his order in limine.

Appellant claims the trial court erred in denying his motion for continuance based on surprise when the State sought to introduce its Exhibit No. 38. During his case-in-chief, appellant called, as a witness, Richard Dean Smith, who is a previous codefendant in this case and who had been convicted in a prior trial.

■ During cross-examination, the prosecutor asked Smith if he created the story of the insurance fraud scheme on August 14, 1982. Smith responded that he had not and stated that the scheme had been planned prior to the August 2, 1982, burglary of the Robbins' home. The prosecutor then offered into evidence State's Exhibit No. 38, a letter written by Smith to appellant on August 14, 1982, in an attempt to discredit Smith as a witness. Cross-examination is permissible as to the subject matter covered on direct examination, including any matter which tends to elucidate, modify, explain, contradict or rebut testimony given during direct examination by the witness. *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513.

■ In the case at bar, Smith testified that Robbins arranged for appellant, Smith and Watkins to remove his gun collection so he could collect insurance proceeds. The trial court properly admitted Exhibit No. 38 after Smith had identified the exhibit as a letter he wrote to appellant following their arrests. We see no abuse of the trial court's discretion in permitting the admission of Exhibit No. 38.

Appellant claims the trial court erred in denying his objection to testimony of John Meyers, the Tippecanoe County Prosecutor who had previously represented appellant as defense counsel in another cause. Meyers was not the prosecutor in the case at bar. After the remand following the State's appeal in this case, as above recounted, Meyers recused himself and a special prosecutor was appointed for the prosecution of the instant case.

■ During appellant's testimony at the trial, he accused the State of vindictiveness in pursuing his prosecution and it was because of this vindictiveness that he refused the offer of a plea bargain for an executed twenty (20) year sentence and elected to stand trial before a jury. He directly accused Meyers of vindictively filing the habitual criminal charge. Meyers was called as a witness to rebut the testimony of appellant. Meyers merely testified regarding the procedural aspects of the case and did not comment on his knowledge of facts upon which the prosecution was predicated. Appellant has not demonstrated in any manner how he was improperly prejudiced by Meyers' testimony. *Seltzer v. State* (1986), Ind., 489 N.E.2d 939.

Appellant claims the trial court erred in refusing his Tendered Final Instructions Nos. 1 and 2 and the giving of Final Instruction No. 4–A to which appellant objected. The instructions read as follows:

"Defendant's Tendered Instruction No. 1

The defense of mistake of fact is defined by law as follows:

It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense.

If you find the defendant was reasonably mistaken about a fact and that the mistake prevented the defendant from forming the intent to commit the offenses charged of which he is charged, you should find the defendant not guilty."

"Defendant's Tendered Instruction No. 2

The crime of burglary is defined by statute as follows:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary[,] a Class C felony.

However, the offense is a Class B felony if the building or structure is a dwelling.

To convict the defendant the State must have proved each of the following elements:

The defendant

1. broke and entered without authority

2. the building or structure of another, which was a dwelling

3. with intent to commit a felony in it.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of burglary of a dwelling, a Class B felony."

Appellant tendered the instructions to support his theory of the case wherein he admitted his presence in the Robbins' home but contended that his entry was with Robbins' consent due to the arrangement for the insurance fraud above-described. Appellant took the position that he mistakenly believed that Harry Robbins had consented because of the representations made by Robbins' son and Richard Smith to appellant. Also Watkins and one Pamela Anderson testified that they heard Smith and Danny Robbins discuss the insurance scheme. He thus takes the position that he was entitled to the instructions concerning mistake of fact. However, appellant was aware that Danny Robbins did not reside in his father's home. He had no reasonable cause to believe that he in fact had any consent to enter the home and take any belongings therefrom.

■ If we assume for the sake of argument that appellant was in fact mistaken about the situation, such mistake was not

reasonable under the facts available to appellant at the time to negate his culpability. This Court handled this identical question in the appeal of Richard Dean Smith, who was a co-perpetrator of this burglary. *Smith v. State* (1985), Ind., 477 N.E.2d 857, 862–63. Without going into the detail in which the question was handled in the *Smith* case, suffice it to say the trial court did not err in refusing to give the tendered instructions.

We see no error in giving Final Instruction No. 4–A. The instruction follows the statute and correctly defines the crime of burglary.

Appellant claims the trial court erred during the sentencing by questioning him concerning the plea agreement which he turned down prior to his trial. During sentencing, the trial judge questioned appellant as to whether he had an opportunity to enter into a plea agreement. Appellant informed the judge that had he entered a plea of guilty, the State would have recommended a twenty (20) year term of imprisonment and the habitual offender charge would have been dismissed. Appellant is apparently taking the position that the trial judge used this information as a reason to enhance his sentence.

As indicated above, this case was remanded to the trial court with instructions to allow the State to amend by adding the habitual offender charge. The trial court also was instructed to bring appellant into open court and give him the opportunity to withdraw his plea. When this opportunity was afforded appellant, he voluntarily chose to withdraw his plea of guilty and enter a plea of not guilty.

It was entirely proper for the trial judge, before imposing sentence, to inquire whether appellant had been afforded the opportunity of a plea bargain. There is nothing whatever in this record to indicate there was any enhancement by reason of appellant's response to this questioning. Appellant received the identical sentence he had received in the first place, that is twenty (20) years upon the conviction for the crimes charged. The enhancement of that sentence by thirty (30) years is mandatory upon the finding of the jury that he had the status of habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

The decision of this Court in *State v. Hicks* (1983), Ind., 453 N.E.2d 1014, dealt with the limits of the authority granted the State by statute to appeal from "an order granting a motion to dismiss an .... information." I.C. 35–1–47–2(1). I dissented to the holding of the Court that the State was thereby authorized to appeal from the dismissal of a habitual offender allegation added by the State after the accused had entered a plea of guilty and the plea had been accepted by the trial court, but before sentencing. Upon the basis that the State was not so authorized, I further adjudged that Hicks could not, consistent with the protection of the State and Federal Constitutions against double jeopardy, be subjected upon remand to more than a sentence of twenty years, the sentence he did receive and commence to serve upon his plea of guilty.

Upon remand the State was permitted to amend its charge by adding the habitual offender allegation, Hicks withdrew his plea of guilty, and was tried, found guilty and received a sentence of fifty years.

I continue to adjudge that the sentence of fifty years, to the extent that it exceeds the original sentence of twenty years, is prohibited by the double jeopardy doctrine. I do vote to affirm the convictions.