**Delphine PORTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8809–CR–844.**

Supreme Court of Indiana.

Sept. 11, 1989.

James F. Stanton, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which she received a sentence of forty (40) years.

The undisputed facts in this case are that on November 9, 1987, appellant stabbed Bernard Shaw three times with a knife, and he died from the wounds on November 10, 1987. Appellant claims that she stabbed the victim in self-defense. Jimmy Burt, Bernard Shaw—the victim in this case, appellant, and appellant's two daughters, ages thirteen and fifteen, lived in the same house.

Over a period of time, Burt and Shaw consumed beer and wine; Shaw injected cocaine, and appellant injected heroin. An argument developed between Shaw and appellant, resulting in Shaw slapping appellant. Burt and appellant's daughters attempted to intercede and prevent Shaw and appellant from injuring each other.

At one point in the encounter, Shaw obtained a length of pipe from beneath the sink, but Burt was successful in wresting it from him. Shaw was six feet two inches tall and weighed one hundred eighty pounds. Appellant was five feet tall and weighed one hundred forty pounds. Although Burt and the girls spent most of their energy attempting to control Shaw, which they were successful in doing, it was nevertheless necessary for them to turn their attention to appellant who insisted upon attacking Shaw even though he was being restrained.

Burt testified that at three different times during the altercation it was necessary for him to take a knife away from appellant. Finally, as the girls and Burt restrained Shaw on a bed, appellant entered and stabbed him three times. Shaw died the next day as a result of the stab wounds.

Appellant claims there is insufficient evidence to support the conviction in that the State failed to present sufficient evidence to negate the claim of self-defense. There is no question that an argument erupted between the parties in this case in a home they shared and that physical contact was initiated by the victim striking appellant.

Appellant testified that she received a cut on her hand when the victim slashed at her with a knife. This claim was verified by one of appellant's daughters. Although he had taken a pipe away from Shaw, Burt testified that he never had seen him with a knife. Notwithstanding this conflict in the evidence, the fact remains that appellant stabbed the victim three times while he was being restrained in a prone position on a bed.

Although there was a time during the altercation when appellant might well have been justified in using force to defend herself, it had become clear by the time Burt had taken the pipe away from the victim and the victim was being restrained that appellant was no longer in immediate danger. The jury was justified in believing that the degree of force exerted by appellant exceeded the bounds justifiable to defend herself. *Wade v. State* (1985), Ind., 482 N.E.2d 704.

The jury also was justified in finding that as the victim was being restrained in a prone position on the bed appellant had ample opportunity to retreat from the scene and obviate the necessity of inflicting wounds upon the victim to defend herself. *See Freeze v. State* (1986), Ind., 491 N.E.2d 202. We find the evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, PIVARNIK and DICKSON, JJ., concur.