John Thomas BRASWELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 09S00–8810CR888.

Supreme Court of Indiana.

March 2, 1990.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of forty (40) years.

The facts are: On February 13, 1987, the body of Fred Sutton was found in his home in Logansport, Indiana. An autopsy revealed that Mr. Sutton had been beaten with a blunt instrument and had suffered two (2) gunshot wounds, one to the upper lip and one to the chest.

After some initial investigation, the police discovered that William Wills, who had been living with Mr. Sutton, could not be located. William Wills was a friend of appellant, John Braswell.

Three days prior to the murder, Wills and appellant drove to Wills' parents' house in Alexandria, Indiana to plan a robbery. Apparently Fred Sutton had asked Wills and appellant to commit a robbery for him to recover his property from another. In addition, Wills and appellant also planned to rob Fred Sutton.

On the evening of February 12, 1987, Wills and appellant went to Mr. Sutton's

work to break into his truck. However, they were unable to gain entry and returned to Mr. Sutton's house where appellant cleared off material blocking the side door where he was to enter that night, and Wills straightened up inside the house. They then proceeded to the Keg 'N' Stine bar in Logansport, Indiana for a few drinks and later Wills took appellant home. Wills then returned home, made Sutton breakfast and went to sleep. Wills was awakened by appellant who entered the door as planned and both men crawled into Sutton's room. Appellant then began beating Sutton with a baseball bat while Wills beat Sutton with his fists and attempted to suffocate him. Appellant then found a .22 caliber pistol and shot Sutton two times.

After the crime, the two drove to Wills' parents' house so Wills could say good-bye to his parents and sister (Tammy Keesling). However, before they left both men told Tammy about the murder. Wills and appellant then left for Oklahoma, and on the way, they discarded the gun and abandoned Sutton's truck.

On February 14, 1987, Wills surrendered himself to police custody in Norman, Oklahoma. Subsequent to his arrest, Wills gave several statements to the police but indicated in his sixth confession that all prior statements were lies. It was in this confession that Wills implicated appellant for the first time. Wills indicated that he was covering up for appellant.

Appellant claims his Sixth Amendment right to fully and adequately cross-examine was denied when the trial court excluded from evidence William Wills' psychological and psychiatric records.

■ The right to confront witnesses granted by the federal and state constitutions includes the right of full, adequate, and effective cross-examination; it is fundamental and essential to a fair trial. *Pointer v. Texas* (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475.

■ The trial judge has discretion to determine the scope of cross-examination and only a clear abuse of that discretion

warrants reversal. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318. To show an abuse of discretion by the judge in controlling the scope of cross-examination, appellant must show how he was prejudiced by the trial judge's actions. *Id.*

■ Appellant relies on *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 and contends that the confidentiality of William Wills' psychological and psychiatric records must yield to the overriding Sixth Amendment right of appellant. In *Davis*, the United States Supreme Court held that the confrontation clause of the Sixth Amendment prohibits a state from prosecuting an accused through a witness whose testimony is protected from impeachment by evidentiary privileges that further the State's interest.

Appellant likewise relies on *Bredemeier v. State* (1984), Ind.App., 463 N.E.2d 1138. In *Bredemeier*, counsel for appellant sought to cross-examine the key witness for the prosecution (an accomplice) concerning his fear of being sexually molested at the Indiana Reformatory. The State objected on grounds of immateriality, and the trial court sustained the objection thus precluding cross-examination. On appeal, the Court of Appeals reversed and relied principally on *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684 wherein Justice Arterburn held:

"An accomplice who turns "state's evidence" and agrees to "cooperate" with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of the effective law enforcement." *Id.* at 572, 344 N.E.2d at 686–87.

In *Newman*, the Court reversed the trial court where evidence regarding agreement of leniency of the prosecution witness, an alleged accomplice, was not disclosed to the jury.

Unlike *Davis*, *Bredemeier*, and *Newman* involving a total exclusion of the evidence, the facts here reveal that Wills' prior psychological and psychiatric records were disclosed to the jury throughout the trial. In

fact, the State did not object to appellant using the content of the records during cross-examination but only when the records were quoted. Defense counsel conducted a thorough and lengthy cross-examination of Wills. It was brought out that Wills had prior social, psychiatric, substance abuse problems and had a history of lying. Finally, when the records were offered into evidence, the State objected on grounds of certification and foundation. Ultimately, the court ruled to exclude the records when Wills decided not to waive his right, thus declaring the issue moot. The trial judge did not abuse his discretion, and we find no error.

Appellant next contends that the trial court erred in failing to grant a motion for mistrial when the prosecutor disclosed to appellant's counsel a recorded telephone conversation between the State's witness Tammy Keesling and Indiana State Police Detective James Rhinebarger a day and a half after the witness had testified.

Before trial, defense counsel made a request for *Brady* material which the trial court granted. The record reveals that Tammy Keesling testified for the State on April 6, 1988, and on April 7, 1988, William Wills testified. During recess between April 7 and 8, the prosecutor turned over a recorded telephone conversation between Tammy Keesling and Detective James Rhinebarger. Thereupon, counsel for appellant moved for a mistrial for failure to provide discovery, citing *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings and will be granted deference in assessing what constitutes substantial compliance with discovery orders. *Kindred v. State* (1988), Ind., 524 N.E.2d 279; *Harris v. State* (1981), Ind., 425 N.E.2d 112. Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overruled. *Kindred, supra; Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Murray v. State* (1982), Ind., 442 N.E.2d 1012. Likewise, a trial judge has the responsibility to direct the trial in a manner which facilitates the ascertainment of truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal defendant. *Kindred, supra; Allen v. State* (1982), Ind., 439 N.E.2d 615; *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. A mistrial is an extreme remedy which should be granted only when nothing else can rectify the situation. *Kindred, supra; King v. State* (1987), Ind., 508 N.E.2d 1259.

Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundmental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated. *Kindred, supra.* Appellant argues under the *Brady* principle that the only remedy available was a mistrial.

The Indiana Supreme Court has reaffirmed the *Brady* principle in *State ex rel. Keaton v. Cir. Ct. of Rush Cty.* (1985), Ind., 475 N.E.2d 1146, *Rowan v. State* (1982), Ind., 431 N.E.2d 805, and *Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, as appellant correctly points out. However, in the instant case, the discovery of the recorded statement occurred before the trial concluded. Thus appellant's reliance on *Brady* is misplaced. Instead, *Kindred* is controlling.

In the instant case, the trial judge recognized an alternative remedy to a mistrial, that being a continuance or recall of Tammy Keesling as a witness. However, defense counsel did not elect either alternative. Where remedial measures are warranted, a continuance is usually the proper remedy, but exclusion of evidence may be appropriate where the discovery non-compliance has been flagrant and deliberate, or so misleading or in such bad faith as to impair the right of a fair trial. *Kindred, supra; Wagner, supra; Crenshaw v. State* (1982), Ind., 439 N.E.2d 620. Likewise, it also is clear that the negligent destruction or withholding of material evidence by the police or the prosecution may

present grounds for reversal. *Rowan, supra; Hale v. State* (1967), 248 Ind. 630, 230 N.E.2d 432.

 A suppression by the prosecutor of evidence favorable to an accused violates due process when the evidence is material either to guilt or punishment. *United States v. Agurs* (1976), 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342; *Rowan, supra.* However, the facts here reveal that defense counsel accepted the statement of the prosecutor that he did not have knowledge of the existence of the recorded statement until after April 7, 1988. Thus, there was no negligent destruction or withholding of evidence by the prosecutor, and the trial court granted a proper remedy. Therefore, appellant has not been so prejudiced as to warrant reversal.

Appellant finally contends that the verdict was not supported by sufficient evidence. In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270; *Case v. State* (1984), Ind., 458 N.E.2d 223.

It is appellant's assertion that William Wills, appellant's chief accuser, was an admitted alcoholic, drug abuser, and had psychiatric problems; thus his testimony should not be deemed credible as a matter of law. Appellant likewise attacks the testimony of Tammy Keesling on the same grounds. While appellant recognizes the standard of review, his position is for this Court to reweigh the evidence. This we will not do. Even assuming the testimony of William Wills and Tammy Keesling would not have been found credible if the psychological and psychiatric records of Wills and a tape recorded statement of Keesling were admitted, there was sufficient evidence to support the verdict.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.