John R. MORRISON, Jr., Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 20A03–9212–CR–419.

Court of Appeals of Indiana,
Third District.

May 24, 1993.

Transfer Denied July 14, 1993.

⊙—641.13(6)

Thomas F. Strickler, Mishawaka, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

John Morrison appeals his conviction for battery resulting in serious bodily injury, a Class C felony.[1] Morrison presents four arguments for our review which are as follows:

I. Whether the trial court erred in failing to hold a hearing on defendant's motion for change of venue from the judge.

II. Whether the trial court erred in limiting the scope of defendant's cross-examination of the victim.

III. Whether the defendant received effective assistance of counsel.

IV. Whether the State sufficiently rebutted Morrison's claim of self-defense.

We affirm.

On August 3, 1991, Darren Morrison was married to John Morrison, the defendant. After an argument, Darren left their home and got into her Blazer. John ran to the Blazer and told Darren not to leave. Darren locked the doors, and John beat on the windshield, the side windows and attempted to open the passenger door. Darren pulled out of the driveway and drove around until she got the Blazer stuck in

1. IND.CODE 35–42–2–1 (1988).

some soft dirt. She then began to walk home.

Darren was picked up by a neighbor, and arrived home shortly before John and a different neighbor returned from looking for Darren. Believing everything was alright, Darren went inside and fixed herself a drink. As Darren came back outside, John approached her and struck her. Darren lost consciousness. Darren awoke in the trailer with John strangling her. Again, she lost consciousness. Later, Darren awoke at the foot of her bed in three pools of blood. John testified he pushed Darren and struck her with a flashlight.

The jury heard testimony concerning the nature and extent of Darren's injuries. One witness testified Darren appeared disoriented and looked "like she had been run over by a truck." Record, p. 433. Dr. Landrum testified Darren sustained a fracture of the left lower jaw, and had multiple contusions of the facial region, the extremities and the trunk. Dr. Whalen opined Darren's injuries were consistent with someone who had gone through a physical beating.

### I.

#### *Change of Judge*

John argues Ind.Crim. Rule 12 requires a hearing on his motion for change of venue from the judge. While Crim.R. 12 "requires a hearing on a motion for change of venue[, John] did not object at trial to the lack of a hearing on the ... motion. His failure to object at trial results in waiver of the alleged error on appeal." *Davidson v. State* (1991), Ind. 580 N.E.2d 238, 244.

John incorrectly relies on *Wilson v. State* (1984), Ind.App., 472 N.E.2d 932, 938 to show reversible error. In *Wilson*, the necessity for a timely objection was held superfluous after the motion for change of venue from the judge was denied without a hearing. *Supra*, at 935, n. 1. In the pres-

ent case, the motion for change of venue from judge was never ruled upon.[2] A timely objection at trial would have brought the motion to the attention of the trial court. The trial court could have conducted a hearing and made a proper ruling on the motion. *Davidson, supra,* controls the resolution of this issue, and John has waived this alleged error.

## II.

### Cross Examination

■ Morrison contends the trial court committed reversible error in limiting the scope of his cross-examination of Darren. The purpose of cross-examination is to expose possible biases, prejudices, or ulterior motives related to the case. However, the trial court may impose reasonable limits upon cross-examination and only a clear abuse of discretion warrants reversal. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1282; *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 827.

John sought to cross-examine Darren concerning a deal she had allegedly made with him which was as follows: if John would pay Darren $50,000.00 for her injuries, she would intervene on John's behalf in the criminal case. After a lengthy discussion outside the presence of the jury and a voir dire of Darren, the trial court found John could not substantiate Darren authorized such a deal. The trial court did not abuse its discretion in limiting the cross-examination concerning the alleged deal. *Braswell, supra.*[3]

2. The trial court made numerous attempts to conduct the hearing on the motion for change of venue from the judge. The hearing was originally set for October 14, 1991; the hearing was reset for October 28, 1991; then November 18, 1991; then January 13, 1992; January 27, 1992; and then February 24, 1992. A hearing on all pending matters was scheduled for March 2, 1992 which was continued until March 16, 1992. On March 16, 1992, John's original attorney withdrew and a new attorney was appointed for him. There was no mention of the motion for change of venue from the judge made during the April 6, 1992 status conference or thereafter. The reasons for all the rescheduling

## III.

### Assistance of Counsel

■ John contends his counsel's failure to strike Darren's answer concerning her reason for seeing a doctor denied him of a fair trial. John contends this statement allowed the jury to infer he beat his wife before and improperly placed evidence of his bad character before the jury. The testimony was as follows:

State: ... Were you in pain at all?

Darren: Oh, yes, in great pain. That's why I had called the doctor.

State: And you were requesting what of the doctor?

Darren: For help. I figured if I got a hold of my own family doctor, he would have called the police *because he knew the family problems.*

Record, p. 304. (Emphasis added.)

The standard by which we review the effectiveness of counsel is well settled:

There is a strong presumption that counsel is competent. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1233. Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, 1059. The defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that he was not functioning as counsel guaranteed under the Sixth Amendment and, further, the defendant must show the deficient performance prejudiced his defense by errors so serious as to deprive him of a fair trial and a trial the result of which is reliable. *Strick-*

is not presented in the record; however, several of the reschedulings were requested by the defendant's attorney.

3. John relies on *Janner v. State* (1988), Ind.App., 521 N.E.2d 709, 716, where a witness who testified on behalf of the State was based on an exchange for favors from the State. The court stated "[t]he record should have been clear as to the relationship between the prosecutor and [the witness], and between the [defendant] and [the witness]. Unlike *Janner,* where the exchanges were substantiated, John only speculated concerning the alleged deal.

*land v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294.

*Wallace v. State* (1990), Ind., 553 N.E.2d 456, 472, *cert. denied,* — U.S. —, 111 S.Ct. 2250, 114 L.Ed.2d 491.

Some actions of trial counsel may only serve to unduly emphasize a certain piece of evidence. We cannot conclude that trial counsel's tactical decision to lessen the impact of the potentially prejudicial testimony by not emphasizing it with a motion to strike was faulty. *Jones v. State* (1991), Ind.App., 569 N.E.2d 975, 983. Additionally, John did not establish that, but for this error, the result of his trial would have been different. John was not entitled to a perfect trial. He was entitled to a fair trial, and the record adequately demonstrates his trial met that standard. *Id.*

### IV.

### *Self–Defense*

John contends the state failed to sufficiently prove he did not act in self-defense when he battered Darren.[4] When there is conflicting evidence, the jury may reasonably accept or reject the claim of self-defense. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, *reh. denied.* Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237. John's contention is merely a request to reweigh the conflicting evidence and our standard of review precludes such an inquiry. *Chandler, supra.*

---

**4.** For John to prevail on the claim of self-defense, John must have: 1) acted without fault; 2) be in a place where he had a legal right to be; and 3) be in reasonable fear or apprehension of death or great bodily harm. *Lilly v. State* (1987), Ind., 506 N.E.2d 23, 24. Once self-defense becomes an issue, the State bears the burden of negating at least one of the elements

Additionally, in all self-defense claims, the force employed must not be out of proportion to the apparent urgency of the situation. *Porter v. State* (1989), Ind., 543 N.E.2d 390, 391. Based on the extent and severity of Darren's injuries, the jury could have believed the degree of force John exerted exceeded the bounds justified to defend himself. *Id.* The State rebutted the self-defense claim.

We affirm.

HOFFMAN and GARRARD, JJ., concur.

of self-defense by proving its nonexistence. *Butler v. State* (1989), Ind., 547 N.E.2d 270, 271. The final determination of whether the State has met its burden to negate the defendant's claim of self-defense rests with the trier of fact. *Almodovar v. State* (1984), Ind., 464 N.E.2d 906, 908–909.