Eddie JONES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45s00–8609–CR–826.

Supreme Court of Indiana.

March 8, 1988.

Nathaniel Ruff, Appellate Public Defender, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Eddie Jones was tried before a jury and convicted of burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1985 Repl.). The trial court sentenced him to eleven years imprisonment. Jones maintains that the trial court committed reversible error by refusing to give the jury instruction he tendered on theft as a lesser included offense. Jones objected at trial but failed to raise this alleged error in his motion to correct errors. Accordingly, Jones has waived this issue on appeal unless the alleged error constitutes fundamental error clearly comprising substantial potential for harm. *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, 590.

We do not consider whether the trial court's refusal to give Jones' tendered instruction was fundamental error because we find that rejecting it was proper.

The facts favorable to the jury verdict are as follows. On the afternoon of June 28, 1985, three teenagers on their way to a candy store saw Jones trying to push open the back door to Phillip Cantrell's duplex by butting it with his shoulder. The boys continued on their way but returned to the same location a few minutes later and saw Jones running away holding a blue bag. The boys stopped a passing policeman and reported what they had seen. The police caught Jones less than a block away. The boys identified Jones at the scene as the same man they had seen earlier. Jones was carrying a blue pillowcase which contained other items. The pillowcase and its contents had been stolen from Cantrell's house. When Cantrell returned to his home, he found that the back door had been pried open.

We described the procedure for determining whether to instruct upon a lesser included offense in *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. First, the trial court should examine the charging information and the elements of the two offenses to determine whether a conviction of the crime charged requires proof of all the essential elements of the lesser offense plus additional elements which distinguish the two offenses. Second, the trial court must examine the evidence produced to prove the distinguishing elements. If that evidence on the distinguishing elements has substantial probative value and is not in serious dispute, the instruction on the lesser offense should be refused to avoid the potential of a compromise verdict.

The first step of the *Lawrence* test may be satisfied in either of two ways. An offense may be included if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense. *See, e.g., Brooks v. State* (1986), Ind., 497 N.E.2d 210 (elements of theft and conversion included in robbery). Alternatively, an offense may be included if the charging instrument reveals that the manner and means used to commit the essential elements of the charged crime include all the elements of the lesser crime. *See, e.g., Johnson v. State* (1984), Ind., 464 N.E.2d

1309 (elements of battery alleged in information charging attempted murder where element of substantial step toward murder alleged a touching); *Jones v. State* (1982), Ind., 438 N.E.2d 972 (criminal trespass not included in statutory burglary but may be included in charging instrument as the manner in which the burglary was committed).

In *Lawrence,* the commission of the lesser offense was not included in the commission of the crime as defined by statute or as alleged in the charging instrument. The defendant in *Lawrence* robbed a cafe and its customers, striking one customer on the head with a pistol. The defendant was charged with inflicting an injury in the course of robbery. We found that the defendant's proposed instruction on aggravated assault and battery as a lesser included offense of robbery was properly refused because proof of a "great bodily harm or disfigurement," an element of aggravated assault and battery, was not a statutory element of the greater offense of inflicting an injury in the course of robbery; nor was it included in charging information. The statutory definition of the greater offense required only proof of a "wound or other physical injury" and the charging information alleged only the infliction of "a physical injury."

■ The elements of burglary are (1) breaking and entering, (2) the building or structure of another person (3) with the intent to commit a felony therein. Ind. Code § 35–43–2–1 (Burns 1985 Repl.). The elements of theft are (1) knowingly or intentionally, (2) exerting unauthorized control over property of another (3) with intent to deprive the other person of any part of its value or use. Ind. Code § 35–43–4–2(a) (Burns 1985 Repl.). Comparing the elements of the two crimes reveals that proof of burglary with the intent to commit theft does not necessitate proof of theft, only proof of intent to commit theft. Theft is not inherently a lesser included offense of burglary. The information charging burglary stated that Jones did "feloniously break and enter the building or structure of another person to-wit: PHILLIP CAN-

TRELL, JR., with intent to then and there commit the felony of theft in it, to-wit: to unlawfully, feloniously, knowingly or intentionally exert unauthorized control over the property of another person, to-wit: PHILLIP CANTRELL, JR., by obtaining, taking, carrying or possessing the said property with intent then and there to deprive the said PHILLIP CANTRELL, JR., of the value or use of the said property, and the said control over the said property by EDDIE JONES a/k/a EDWARD JONES a/k/a LARRY GREEN, was then and there unlawfully and feloniously without the consent of the said PHILLIP CANTRELL, JR., and the said building was then and there a dwelling."

■ Jones asserts out that the State charged unauthorized control over property as an element of the burglary charged. A charging information alleging actual control over property, as well as the requisite state of mind, would include all the elements of theft as well as all the elements of burglary with intent to commit theft. Nevertheless, neither alleging the essential elements of theft in the charging instrument nor proving them at trial is sufficient to support a jury instruction on theft as a lesser included offense of burglary. The allegation of the lesser offense must supply an essential element of the greater offense. *See, e.g., State v. Mercer* (1986), Ind. App., 500 N.E.2d 1278, 1282 (criminal recklessness was the alleged means by which the defendant committed the touching element of battery.).

■ Under the statute, proof of burglary does not require proof of theft or of any other specific felony. *See* Ind. Code § 35–43–2–1 (Burns 1985 Repl.). The prosecutor may charge a defendant with all the elements of burglary without charging the specific acts which prove the "intent to commit a felony" element. Proof of the theft is mere evidence showing intent to commit theft; it is not required to plead or prove an element of burglary.

■ Assuming that the prosecutor exceeded the necessary pleadings by alleging that Jones actually exerted unauthorized control over Cantrell's property, we consid-

er whether proof of burglary as charged required proof of actual theft. As theft was not the alleged manner or means by which Jones committed an essential element of burglary, Jones' tendered instruction fails the first step set forth in *Lawrence.*

The judgment of the trial court is affirmed.

GIVAN, PIVARNIK and DeBRULER, JJ., concur.

DICKSON, J., concurs in result.