Michael R. LYNCH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 20S03–9105–CR–372.

Supreme Court of Indiana.

May 17, 1991.

Thomas A. Murto, Murto & Holbrook,
Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

This matter is before us on Lynch's Petition to Transfer from the Third District Court of Appeals. In an opinion reported at 552 N.E.2d 56 (Garrard, J. dissenting) the Court of Appeals upheld Lynch's conviction for murder. The only issue raised by Lynch in his petition is whether the trial court properly refused his tendered instruction on involuntary manslaughter as a lesser included offense of murder. Because we find that Lynch was entitled to such an instruction, we now grant transfer, vacate the opinion of the Court of Appeals, reverse the decision of the trial court and order a new trial.

The facts relevant to this issue are as set out by the Court of Appeals:

On January 12, 1988, the defendant, who resided with his parents, went to his mother's bedroom and retrieved a .410 bolt action shotgun. While his father, the victim, was in the shower, defendant entered the bathroom, positioned the gun within 2 to 3 inches of his father's body and fired.

Defendant then called 911 but when asked his name he hung up. The defendant fled from the residence on foot.

When police arrived at the residence they discovered the victim lying on the kitchen floor. Officer Schollian asked the victim who shot him and he replied that his son had shot him. The victim advised police that his son had left on foot.

Shortly thereafter, defendant was apprehended as he was walking on the street. The defendant had blood all over his face, hands, and clothing. The blood was his father's. Defendant was arrested and his rights were read to him. Defendant indicated that he understood those rights and asked, "How's my dad?" A video-taped statement was taken from the defendant in which he claimed the blood on his clothing was from hunting deer.

552 N.E.2d at 57–58.

We also note from the record the following additional facts. The shot entered the victim's body on the lateral aspect of his right arm a few inches above the elbow, exited the opposite side of the arm, and re-entered his body on the lateral side of the chest a few inches under the arm. The shot penetrated the chest in a downward fashion.

At trial, Lynch testified that there had been problems between him and his father and that, inspired by religious principles, Lynch had planned to shoot and wound his father so that, during his father's hospitalization, they would be able to work out the differences between them. Lynch also claimed that he was insane at the time of the shooting. Upon this evidence Lynch claims he is entitled to an instruction on involuntary manslaughter.

■■■ As the Court of Appeals correctly pointed out, a two-step inquiry is required to determine whether an instruction on a lesser included offense should be given. *Jones v. State* (1982), Ind., 438 N.E.2d 972, 974. First, we determine whether the lesser offense is inherently or factually included in the greater offense by looking at the statutes and the charging document. *Whipple v. State* (1988), Ind., 523 N.E.2d 1363, 1372. An offense is lesser included if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense or if the charging instrument shows the means used to commit the crime charged include all of the elements of the lesser offense. *Jones v. State* (1988), Ind., 519 N.E.2d 1233, 1234–35.

■■■ Murder is defined as knowingly or intentionally killing another human being. Ind.Code § 35–42–1–1(1). Involuntary manslaughter is defined as occurring when a person kills another human being while committing or attempting to commit a battery, Ind.Code § 35–42–1–4, and contemplates an incidental killing that occurs during a battery. *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 831. Battery is de-

fined as knowingly or intentionally touching another person in a rude, insolent or angry manner. Ind.Code § 35–42–2–1. Here, the killing was obviously accomplished with a touching by Lynch and, therefore, involuntary manslaughter is a lesser included offense of murder.

The majority in the Court of Appeals concluded that the prosecutor had drafted the information in such a way as to preclude an instruction on involuntary manslaughter. Although the majority is correct that, under certain circumstances, an information can be drafted to preclude an instruction on a lesser included offense, this is not such a case.

■■■ The second part of the test is to determine whether there is evidence before the jury that the included offense was committed, *Jones v. State*, 519 N.E.2d at 1234. This test is designed to determine whether the evidence warrants an instruction on the lesser offense, and hinges on whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater and lesser offenses. *Swafford v. State*, (1981), Ind., 421 N.E.2d 596, 603 (citing *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098). The evidence must be such that the jury could conclude that the lesser offense was committed and the greater offense was not. *Elliott v. State* (1988), Ind., 528 N.E.2d 87, 89. Our standard for determining the state of the evidence is whether "a serious evidentiary dispute exists respecting the element that distinguishes the greater from the lesser crime." *Ingram v. State*, 547 N.E.2d at 830. Here, where the distinguishing element is intent, the lesser included instruction will be warranted only if there is a serious evidentiary dispute about what Lynch intended to do—kill or batter.

We conclude, as did Judge Garrard in dissent, that the evidence supports the giving of the lesser included offense instruction. This evidence includes Lynch's testimony that his intent was only to injure his father. Also, Lynch's calling the police immediately after the shooting could support the conclusion that the injury had been more serious than he had intended or that

he did not intend for his father to die. Similarly, reasonable minds could conclude that the initial entry of the bullet into the arm could negate an intent to kill. Although the evidence is sufficient to support a conviction for murder, that conclusion is not compelled. The evidence shows a serious dispute concerning Lynch's intent.

When reviewing the refusal of any tendered instruction, we determine: (1) whether the tendered instruction correctly states the law, (2) whether there was evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by the other instructions given. *Ingram v. State*, 547 N.E.2d at 830. We find that Lynch has met these requirements, and that it was reversible error for the trial court to have refused to instruct the jury on the lesser included offense of involuntary manslaughter.

Accordingly, we now grant transfer, vacate the Court of Appeals decision reported at 552 N.E.2d 56, and order a new trial.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents with opinion, in which GIVAN, J., concurs.

SHEPARD, Chief Justice, dissenting.

I cannot agree that there is a serious evidentiary dispute about whether Michael R. Lynch killed his father knowingly.

The majority opinion correctly states the legal standard Indiana appellate courts have recently used to determine whether involuntary manslaughter is a lesser included offense to the offense of knowing murder, with which Lynch is charged. In my view, this case turns on how seriously we should treat Lynch's testimony that when he aimed a .410 shotgun directly at the center of his father's body and pulled the trigger, he intended only a "rude touching." To reverse Lynch's conviction, I think one must be willing to say that such a shooter is unaware of the high probability of a fatality when he fires a shot into somebody's abdomen at point blank range with that kind of a weapon.

The information against Lynch charged the crime in a go-for-broke way: either Michael Lynch was guilty of murder or he was not guilty. By holding that the law requires giving a lesser included offense instruction under these circumstances, we do not necessarily do any favors for those on trial for life or liberty. This Court's analysis on lesser included offenses is intended in part to discourage compromise verdicts. Today's decision cuts in the other direction.

GIVAN, J., joins in this dissent.