Rex A. ASCHLIMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 90S04–9204–CR–272.

Supreme Court of Indiana.

April 14, 1992.

Linda M. Wagoner, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR TRANSFER

KRAHULIK, Justice.

This matter is before us on Aschliman's Petition for Transfer from the Court of Appeals' affirmance of his conviction for theft and the finding that he was an habitual offender. *Aschliman v. State* (1991), Ind.App., 578 N.E.2d 759. The only issue Aschliman raises in his petition is whether the trial court erred in refusing his tendered instruction on criminal conversion as a lesser-included offense of theft. Because we conclude that he was entitled to such an instruction, we grant transfer and order a new trial.

The facts relevant here are set out by the Court of Appeals:

In June, 1989, Truman and Mary Lou Barger watched Aschliman pull into the Fiechters' driveway. Mr. Barger watched through binoculars as Aschliman walked first to the door of the Fiechters' home, then to the locked garage door which he unsuccessfully attempted to open. Aschliman next entered the screened-in porch, left, and went to the tool shed where the Fiechters stored their pry bar. Aschliman then returned and re-entered the screened-in porch and used the Fiechters' pry bar in his attempt to pry open the doors from the porch to the living area of the house. Mr. Barger then wrote down a description of Aschliman's car and his license number, and telephoned the Fiechters' home, to frighten Aschliman. Aschliman left the screened-in porch, threw the pry bar under a tree, and drove away. Mr. Barger found the pry bar, saw the damage to the doors, and then called the police.

*Aschliman v. State*, 578 N.E.2d at 761.

■ As the Court of Appeals correctly pointed out, a two-step inquiry is applied to determine whether an instruction on a less-

er-included offense should be given. First, we determine whether the lesser offense is inherently or factually included in the greater offense by looking at the statutes and the charging document. An offense is a lesser-included one if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense. *Chanley v. State* (1991), Ind., 583 N.E.2d 126, 130 (citations omitted). Here, criminal conversion is clearly a lesser-included offense of theft. The statute under which Aschliman was charged for theft provides:

A person who knowingly or intentionally exerts unauthorized control over property of another, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

*Ind.Code* § 35–43–4–2. By comparison, the statute defining criminal conversion provides:

A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

*Ind.Code* § 35–43–4–3. As can be easily ascertained, all of the statutory elements of conversion are part of the statutory definition of theft. *See also Chanley*, 583 N.E.2d at 130; *Zavesky v. State* (1987), Ind., 515 N.E.2d 530, 532.

■ Here, citing *Avance v. State* (1991), Ind., 567 N.E.2d 1149, 1152, the Court of Appeals noted that "by careful drafting of the factual allegations of the information, the State may foreclose the availability of a lesser-included offense instruction." 578 N.E.2d at 764. Although as we noted in *Lynch v. State* (1991), Ind., 571 N.E.2d 537, 539, there may be some circumstances under which an information could be drafted to preclude an instruction on a lesser-included offense, such is not the case where, as here, we are concerned with an inherently lesser-included offense. The charging information provided:

COUNT II

That on or about the 4th day of June, 1989, at and in the County of Wells and in the State of Indiana said defendant did

then and there knowingly exert unauthorized control over property of another person, to-wit: a pry bar owned by Ken E. and Debra S. Fiechter, with *intent to deprive* the other person of any part of its value or use, all of which is contrary to the form of the statutes and in such cases made and provided, to-wit: I.C. 35–43–4–2, and against the peace and dignity of the State of Indiana.

(Emphasis added.) The Court of Appeals concluded that because the information alleged that Aschliman acted with "intent to deprive," the State had drafted the information in such a way as to preclude the giving of an instruction on criminal conversion. We do not agree because the information here also charges each element of the crime of criminal conversion, and had the State requested the lesser-included offense instruction, it would have been entitled to it. Thus, we conclude that Aschliman has met the first part of the test.

The second part of the test is to determine whether there is evidence before the jury that the lesser-included offense was committed but that the greater one was not. *Chanley,* 583 N.E.2d at 130; *Lynch,* 571 N.E.2d at 539. The resolution of this question hinges on whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater from the lesser offense. As the Court of Appeals correctly pointed out, the element which distinguishes the greater offense (theft) from the lesser offense (criminal conversion) is whether Aschliman had the intent to deprive. Thus, we examine the evidence to determine whether the jury could have concluded that Aschliman exerted unauthorized control over the pry bar without the intent to deprive its owners of its value or use. The Court of Appeals determined that because Aschliman threw the pry bar beneath a tree rather than returning it to its storage place or leaving it in a more conspicuous location, no serious evidentiary dispute existed about his intent and, therefore, he was not entitled to the instruction. Although we agree with the Court of Appeals that this evidence "gives rise to a reasonable inference Aschliman intended to deprive the Fiechters of

the use and benefit of their pry bar," that conclusion is not compelled. Although there was sufficient evidence for the jury to find Aschliman guilty of theft, the evidence does not rule out the existence of a serious evidentiary dispute on the issue of intent. The jury reasonably could have found also that Aschliman's abandonment of the pry bar on the property negated his intent to deprive.

When reviewing the refusal of a tendered instruction, we determine: (1) whether the tendered instruction correctly states the law, (2) whether there was evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions given. *Lynch,* 571 N.E.2d at 539. Aschliman's tendered instruction on conversion meets these requirements. Reasonable minds could conclude that the abandonment of the pry bar on the owner's property negated an intent to deprive. Although the evidence is sufficient to support a conviction for theft, that conclusion is not compelled. Aschliman was entitled to have the jury instructed on criminal conversion.

### Conclusion

We now grant transfer, vacate the opinion of the Court of Appeals, reverse the trial court, and remand this matter for a new trial.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, without separate opinion.