**Gerald M. VINCENT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–9310–CR–335.

Court of Appeals of Indiana,
First District.

Aug. 23, 1994.

Dennis A. Vowels, Evansville, for appellant.

Pamela Carter, Atty. Gen., Susann Weber Lupton, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Today we decide whether residential entry is a lesser included offense of Class B burgla-ry. Appellant-defendant Gerald M. Vincent attacks his conviction for Residential Entry [1], a Class D felony, claiming he was not properly informed of the charges against him.

## FACTS

The facts most favorable to the judgment are that during the evening of January 7, 1993, Vincent went to the home of Jim Leach with four of his friends, Robert Birdwell, Johnny Whitledge, Chris Griffen and James Wilson. Leach was also a friend of Vincent and the brother of Kim Leach, the fourteen-year-old mother of Paige Leach, Vincent's daughter. However, the only people home on the night of the incident were Tawana Moore, Sherri Leach and Paige Leach. Vincent knocked on the door and when Moore answered, Vincent asked to see Kim. When Moore informed Vincent that Kim was not home, Vincent and his friends pushed their way into the house. After the group began harassing Sherri, Moore asked the friends to leave. As the group was leaving, Moore noticed that two guns belonging to Leach, a .22 caliber rifle and an AK-47, were missing.

Moore called the police and shortly thereafter officers apprehended Vincent and recovered the stolen property. Vincent was charged with Residential Burglary [2], a Class B felony, and Theft [3], a Class D felony. After a bench trial Vincent was convicted of residential entry and theft. Vincent appeals only his conviction for residential entry.

## DISCUSSION AND DECISION

Vincent argues that residential entry is not a lesser included offense of residential burglary. According to Vincent, the intent required for residential entry is different from that required for residential burglary, and thus, residential entry is not a lesser included offense of residential burglary. Because the prosecutor charged Vincent with residential burglary but the court convicted him of residential entry, Vincent argues the State did not inform him of the charges against which he needed to defend. We disagree.

1.  IND.CODE § 35-43-2-1.5.

2.  IND.CODE § 35-43-2-1.

3.  IND.CODE § 35-43-4-2.

■ An offense is a lesser included one if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense. *Aschliman v. State* (1992), Ind., 589 N.E.2d 1160, 1161. The elements of burglary as a Class B felony, are: 1) breaking and entering, 2) the dwelling of another, 3) with intent to commit a felony therein. *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270; IND.CODE § 35–43–2–1. In order to convict a person of residential entry, the State must show: 1) knowingly or intentionally, 2) breaking and entering, 3) the dwelling of another. I.C. § 35–43–2–1.5. Residential entry is a new offense which allows a felony prosecution for a housebreak without the need for proof of the intent to commit a target crime. If intent to commit a target crime is shown, then the crime becomes burglary. David E. Vandercoy & Bruce G. Berner, *Update–Criminal Law & Procedure,* 25 Ind.L.Rev. 1157, 1158 (1992).

■ Vincent argues that the crime of residential entry is not a lesser included offense of residential burglary because the requisite intent is different for each crime. For residential burglary, the State must prove the intent to commit a felony inside the dwelling while for residential entry, the State need only prove the knowing or intentional entry of the dwelling of another. However, contrary to Vincent's argument, proof of intent to break is a necessary element of burglary. Proof of the specific intent to commit a felony once inside the structure is *ipso facto* proof that the breaking and entering was intentional. *Pratt v. State* (1986), Ind., 492 N.E.2d 300, 302. The only difference between residential entry and residential burglary is the element of intent to commit a felony therein. Because residential entry contains all of the elements of residential burglary save one, residential entry is a lesser included offense of residential burglary.

■ We note that two categories of lesser included offenses exist: 1) inherently, or necessarily, included offense (the greater offense cannot be committed without also committing the lesser); and 2) factually included offense (lesser offense described in charging instrument by virtue of the manner in which the greater was committed). *McGill v. State*

(1984), Ind.App., 465 N.E.2d 211, 214. The crime of residential burglary cannot be committed without also committing residential entry. Thus, residential entry is an inherently lesser included offense.

Although in some circumstances, the State may draft the information to preclude an instruction on a lesser included offense, such is not the case where we are concerned with an inherently included offense. *Aschliman,* 589 N.E.2d at 1161. In that instance, the information necessarily includes all of the elements of the inherently lesser included offense. *Id.* The information which charged Vincent with residential burglary, by stating all of the elements of residential entry, is sufficient to inform Vincent of the need to defend against this inherently lesser included offense. Vincent was adequately informed of the charges against him and was properly convicted of residential entry. We find no error.

Judgment affirmed.

NAJAM, J., and SHARPNACK, C.J., concur.