**Robert McKINNEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A05–9409–CR–00383.

Court of Appeals of Indiana.

June 30, 1995.

---

Mark A. Dabrowski, Kokomo, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., for appellee.

## OPINION

SHARPNACK, Chief Judge.

Robert McKinney appeals his conviction of residential entry. We affirm.

McKinney raises two issues, which we consolidate and restate as whether the evidence was sufficient to sustain McKinney's conviction of residential entry.

The facts most favorable to the judgment show that on February 9, 1994, Melissa McKinney (hereinafter "Melissa") took her

three children to the residence of her sister, Tina Arbuckle, to spend the night because she "was having problems at home...." Record, p. 67. On February 10, 1994, Arbuckle babysat Melissa's children while Melissa sought legal assistance to file for divorce.

Later that day, Melissa returned to Arbuckle's residence with McKinney. Melissa entered the residence and, knowing that McKinney was outside the residence, Arbuckle "went to shut the door" before McKinney could enter. Record, p. 68. Arbuckle attempted to shut the door, but McKinney pushed the door open. Arbuckle testified that McKinney was mad and that he stomped through the doorway and entered her residence. Arbuckle did not tell McKinney to leave because she was scared.

McKinney threatened to kill anyone who attempted to stop him from taking the children. McKinney, accompanied by Melissa and the children, exited Arbuckle's residence. Melissa then re-entered Arbuckle's residence and stated that McKinney had a gun. Arbuckle summoned the police.

McKinney was charged with residential entry, a class D felony.[1] Following a bench trial, McKinney was convicted as charged and sentenced to eighteen months, with all but ninety days suspended, and he was placed on probation.

 McKinney challenges the sufficiency of the evidence to sustain his conviction of residential entry. When we review the evidence supporting a conviction, we may not reweigh the evidence or judge the credibility of the witnesses. *Washington v. State* (1982), Ind., 441 N.E.2d 1355, 1358. Where the evidence is in conflict, we are bound to view only that evidence which is most favorable to the verdict and judgment of the trial court. *Id.* If there is substantial evidence supporting the judgment, we must affirm. *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 855.

 As defined by statute, the offense of residential entry is committed by "[a] person who knowingly or intentionally breaks

and enters the dwelling of another person...." Ind.Code § 35–43–2–1.5. Residential entry is a lesser included offense of burglary which allows a felony prosecution for a housebreak without the need for proof of the intent to commit a target crime. *Vincent v. State* (1994), Ind.App., 639 N.E.2d 315, 317. In order to convict a person of residential entry, the State must show: 1) knowingly or intentionally; 2) breaking and entering; 3) the dwelling of another. *Id.*

 McKinney specifically argues that the State failed to prove the element of "breaking." In order to establish that a breaking has occurred, the State need only introduce evidence from which the trier of fact could reasonably infer that the slightest force was used to gain unauthorized entry. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 124–25, *reh'g denied.* The opening of an unlocked door is sufficient. *Canaan v. State* (1989), Ind., 541 N.E.2d 894, 906, *reh'g denied, cert. denied* (1990), 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 185. The element of breaking may be proved entirely by circumstantial evidence. *Utley v. State* (1992), Ind., 589 N.E.2d 232, 240–41, *cert. denied* (1993), —— U.S. ——, 113 S.Ct. 991, 122 L.Ed.2d 142.

 McKinney first contends that the State failed to show that he used force to gain entry into Arbuckle's residence. The use of the slightest force in pushing aside a door in order to enter constitutes a breaking through the doorway. *Passwater v. State* (1967), 248 Ind. 454, 229 N.E.2d 718, 720–21. In the instant case, Arbuckle testified as follows:

"Q. You went to shut the door is that right?

A. Yes I went to shut my door.

Q. Okay what happened as you went to shut the door?

A. He walked in.

Q. Um where was the door when he, was it, were you closing it? Was it open?

A. I was closing the door.

---

1. McKinney also was charged with one count of receiving stolen property, a class D felony. I.C. § 35–43–4–2. However, the count was dismissed on the day of the trial pursuant to the State's request.

Q. Okay and what did he do to the door?

A. He walked in. He just walked in.

Q. Well did he have to touch the door at all?

A. I don't know.

Q. Did he push the door open?

A. Yes the door was pushed open."

Record, pp. 70–71. From this testimony, the trial judge could reasonably have inferred that McKinney used force to gain entry to Arbuckle's residence. *See Henley v. State* (1988), Ind., 519 N.E.2d 525, 526–27 (rejecting defendant's contention that he did not break into the victim's residence but merely pushed past her through an open door; "the fact that he used force to push the door farther open to gain entrance is ample evidence to sustain a conviction for burglary").

■ McKinney asserts that Arbuckle's testimony elicited under cross-examination conflicts with her testimony given on direct examination. Throughout her testimony, however, Arbuckle consistently indicated that she was attempting to close the door to keep McKinney out. The resolution of conflicts in the evidence is within the province of the fact-finder. *Hovis v. State* (1983), Ind., 455 N.E.2d 577, 579. In this instance, as fact-finder, the judge was free to accept or reject Arbuckle's testimony.

■ Finally, McKinney argues that the State failed to prove that his entry was unauthorized. More specifically, McKinney contends that the State failed to prove Arbuckle's lack of consent.

■ McKinney raises the issue of consent as a defense, however. Lack of consent is not an element of the offense the State is required to prove. Rather, it is the defendant who must claim and prove the defense of consent. *Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, 1348, *reh'g denied, trans. denied.* A defendant's belief that he has permission to enter must be reasonable in order for the defendant to avail himself of the defense of consent. *Id.* (citing *Hicks v. State* (1987), Ind., 510 N.E.2d 676, 680).

The record shows that Melissa and the children had stayed over-night because there were problems at home. Arbuckle was baby-sitting the children while Melissa was contacting legal assistance for the purpose of initiating a divorce proceeding. McKinney was at the residence to get his kids. Arbuckle attempted to close the door before McKinney could enter the residence, but McKinney pushed the door open. McKinney was mad, and he stomped through the doorway as he entered the residence. McKinney threatened to kill anyone who attempted to stop him from taking the children. Finally, Arbuckle did not ask McKinney to leave because she was scared. The trial court could reasonably have inferred from this evidence that McKinney did not have a reasonable belief Arbuckle had consented to his entry. *Id.* Furthermore, the trial court could reasonably have inferred from this evidence that McKinney's entry was unauthorized.

The evidence was sufficient, therefore, to sustain McKinney's conviction of residential entry.

Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

RUCKER and GARRARD, JJ., concur.