ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

C. Michael Steiner Jeffrey Modisett

Washington, IN Attorney General of Indiana

Michael K. Ausbrook

Deputy Attorney General

Indianapolis, IN

IN THE

SUPREME COURT OF INDIANA

DANJO GRAZIANO, )

)

Appellant (Defendant below), )

)

v. ) Cause No. 42SOO-9603-CR-220

)

STATE OF INDIANA, )

)

Appellee (Plaintiff below). )

APPEAL FROM THE KNOX CIRCUIT COURT

The Honorable Murphey C. Land, Judge

Cause No. 42C01-9508-CF-40

SHEPARD, Chief Justice.

 A jury found Danjo Graziano guilty of murder, a felony,
(footnote: 1) and the trial court sentenced him to sixty-five years in prison.  

On appeal, Graziano raises a single issue:  whether the trial court erred by refusing his proposed jury instruction on battery as a lesser included offense of murder.  We find no error, and accordingly, affirm.

Facts

  

On the night of August 1, 1995, Graziano was patronizing a bar in Vincennes with Jeffrey Scott Morrison, Steven Tatum, Rita Bilskie, April MacKinnon, and her son, Jake.  MacKinnon and her son needed a place to stay for the night, and Tatum, Graziano’s acquaintance, offered them his apartment. 

Later that evening, Bilskie drove Graziano, MacKinnon, Jake, Tatum, and Morrison to Tatum’s apartment.  Shortly after arriving, Morrison left to visit his estranged wife, Bilskie returned to the bar, and Graziano went to get something to eat.  Tatum then tried to assault MacKinnon sexually, without success; MacKinnon pulled away and left Tatum’s apartment.  Later, MacKinnon met Morrison and explained what Tatum had tried to do.  Morrison went to Tatum’s apartment, confronted him, and beat him.  After the fight, Morrison and MacKinnon took Jake to Bilskie’s apartment.

Graziano joined them at Bilskie’s apartment, and he and Morrison decided to return to Tatum’s to beat him further.  MacKinnon gave them a gun she had taken from her stepfather.  

Once the two arrived at Tatum’s apartment, a fight ensued.  Graziano punched Tatum in the face, knocked him to the floor, and kicked him in the face.  Graziano then pulled Tatum by his hair into the bedroom.  Graziano shot Tatum in the knee, but claims he only intended to scare Tatum with the gun.  Ultimately, two fatal shots were fired into Tatum’s head.  Graziano and Morrison each deny firing the fatal shots.  Tatum died of multiple blunt injuries and multiple gunshot wounds.

Discussion

At trial, Graziano tendered proposed final instructions regarding battery as a lesser included offense of murder.  The court refused them.  Instead, the trial court instructed the jury on Graziano’s potential accomplice liability for knowingly aiding Morrison in committing the murder.

Graziano claims he is entitled to a new trial because an evidentiary dispute exists concerning his intent upon returning to Tatum’s apartment.  He argues that he only intended to batter Tatum upon returning to Tatum’s apartment, not to kill him.  Graziano admits battering Tatum with his fists and firing a shot into Tatum’s knee.  He denies firing the fatal shots.  Graziano further denies intending to aid, induce or otherwise cause Morrison to kill Tatum.  Thus, Graziano claims the trial court erred because his tendered instructions not only accurately stated the law, but also contained substance not covered by any other instruction.  

Undisputably, battery can be a lesser included offense of murder when the killing is performed by a touching.  
See
 
Lynch v. State
, 571 N.E.2d 537 (Ind. 1991).  To be entitled to a jury instruction on battery, a serious evidentiary dispute must also exist such that it could lead a jury to find the defendant guilty of battery, but not of murder.  
Wright v. State
, 658 N.E.2d 563 (Ind. 1995).  A conviction will normally be reversed only if the trial court’s evidentiary determination was clearly erroneous.  
Brewer v. State
, 646 N.E.2d 1382 (Ind. 1995).  A court’s determination will be clearly erroneous only if it is unsupported by the facts and circumstances before it and the reasonable conclusions that could be drawn from them.  
Id.
 

    It would have been very difficult to find Graziano guilty only of battery based on the evidence adduced at trial.  Graziano admits going to Tatum’s apartment intending to scare and beat him.  He acknowledges striking and kicking Tatum in the face, grabbing him by the hair, pulling him into the bedroom, cocking the gun to scare Tatum, and shooting him at least once.  Graziano was Morrison’s accomplice and thus was not entitled to an instruction containing a lesser included offense.  Graziano either fired the fatal shots or he helped Morrison do so.  The trial court did not commit clear error in refusing Graziano’s tendered instructions.

Conclusion

The judgment of the trial court is affirmed. 

Dickson, Sullivan, Selby, and Boehm, JJ., concur.

     

FOOTNOTES
1: 
Ind. Code Ann.
 § 
35-42-1-1 (West Supp. 1996)