## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Milton D. Horton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 28, 2017<br><br>Court of Appeals Case No.<br>49A05-1606-CR-1445<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Helen Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1602-CM-4599 |

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Milton D. Horton (Horton), appeals his conviction for battery resulting in bodily injury, a Class A misdemeanor, Ind. Code § 35-42-2-1(b)(1); disorderly conduct, a Class B misdemeanor, I.C. § 35-45-1-3(a)(2); residential entry, a Level 6 felony, I.C. § 35-43-2-1.5; and his adjudication as an habitual offender, I.C. § 35-50-2-8(a).

[2] We affirm.

# ISSUE

[3] Horton presents us with one issue on appeal, which we restate as:  Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his conviction for residential entry, a Level 6 felony.

# FACTS AND PROCEDURAL HISTORY

[4] On January 4, 2016, Keith Carter (Carter) moved into his apartment at 2120 Boulevard in Indianapolis, Indiana.  While moving in, Carter met Horton who helped him move a mattress.  On February 3, 2016, Carter was asleep in his apartment when he was woken up by the doorbell and by knocking on the door. When he "cracked open" the door, Horton asked to be let in.  (Transcript p. 28).  Carter told him that he was asleep and to "come back later."  (Tr. p. 28). Because Horton entered the apartment "a little bit," Carter told him to "get out."  (Tr. p. 29).  Horton eventually left and Carter shut the door and locked it.

[5] A little later, Horton returned and started kicking Carter's door. Carter opened the door a second time because he "didn't want it tore up." (Tr. p. 29). Carter asked Horton to leave; however, Horton "smacked" him on the side of his face, causing him pain. (Tr. p. 29). Carter was "scared;" and tried "to get him out of [his] apartment." (Tr. pp. 29, 34). Horton was "far enough [in the apartment] that [Carter] couldn't close the door." (Tr. p. 37). He grabbed a yardstick and started "smacking until [Horton] got out and then locked the door." (Tr. p. 30). Carter called the police.

[6] Indianapolis Metropolitan Police Department officers Scott Godby (Officer Godby) and Angelika Adams-Matuszczyk (Officer Adams) responded to Carter's call. When the officers arrived, they found Horton outside in the hallway, "being somewhat belligerent [and] loud." (Tr. p. 58). Horton was initially cooperative with Officer Adams' requests, but "[h]is behavior was consistent with being somewhat intoxicated" and he was "a little unstable." (Tr. p. 64). However, once Horton had been escorted outside the building, he started to make "very rude and very vulgar" comments about Officer Adams. (Tr. p. 65). Officer Godby located a "black scuff mark," resembling "the bottom of a dirty shoe," on "the lower third" of Carter's door, which the officer noted was consistent with someone kicking a door. (Tr. pp. 60, 61, 62).

[7] On February 4, 2016, the State filed an Information, charging Horton with battery resulting in bodily injury, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor. On February 9, 2016, the State amended the Information, adding a charge of residential entry, a Level 6 felony. On April 7,

2016, the State filed an habitual offender enhancement. On April 13, 2016, the trial court conducted a bifurcated jury trial. At the close of the evidence, the jury found Horton guilty of battery resulting in bodily injury, disorderly conduct, and residential entry. Horton subsequently admitted to being an habitual offender. On June 3, 2016, the trial court sentenced Horton to 910 days for residential entry enhanced by 730 days for the habitual offender adjudication, 365 days for battery resulting in bodily injury, and 180 days for disorderly conduct, with sentences to run concurrently.

[8] Horton now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Horton contends that the State failed to present sufficient evidence beyond a reasonable doubt to convict him of residential entry, a Level 6 felony. When considering whether the evidence is sufficient to support a conviction, we neither reassess witness credibility nor reweigh the evidence, as those tasks are reserved for the fact-finder. *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied*. Rather, we consider only the evidence most favorable to the conviction, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[10] To convict Horton of residential entry, a Level 6 felony, the State was required to establish that Horton "knowingly or intentionally [broke] and [entered] the dwelling of [Carter]." I.C. § 35-43-2-1.5. Focusing on the breaking and entering element of the charge, Horton claims that "there was no showing that

[he] was denied entry." (Appellant's Br. p. 9). Similarly, he maintains that "there is no evidence that [he] used force, however slight, to gain entrance into Carter's apartment." (Appellant's Br. p. 11).

[11] "In Indiana, any breach of the threshold, however slight, by any part of the body constitutes criminal residential entry." *Cupello v. State*, 27 N.E.3d 1122, 1130 (Ind. Ct. App. 2015). Likewise, "[t]he use of the slightest force to gain entry establishes the breaking element of this offense." *Davis v. State*, 770 N.E.2d 319, 322 (Ind. 2002), *reh'g denied*. The opening of an unlocked door is sufficient. *Young v. State*, 846 N.E.2d 1060, 1063 (Ind. Ct. App. 2006).

[12] "Lack of consent is not an element of the offense the State is required to prove." *McKinney v. State*, 653 N.E.2d 115, 115 (Ind. Ct. App. 1995). "Rather, it is the defendant who must claim and prove the defense of consent." *Id*. "A defendant's belief that he has permission to enter must be reasonable in order for the defendant to avail himself of the defense of consent." *Id*.

[13] Here, Horton did not have consent to enter Carter's residence. The evidence reflects that, during the second encounter, Horton kicked Carter's door, leaving black scuff marks on the lower part of the door. After Carter opened the door, Horton entered the apartment far enough that Carter "couldn't close the door." (Tr. p. 37). He smacked Carter on the side of his face. Carter tried to get him out of his apartment and testified that he grabbed a yardstick and started "smacking until [Horton] got out" and then locked the door. (Tr. p. 30). Accordingly, based on these circumstances, we find that Horton used force to

breach the threshold and to gain entry into Carter's residence without Carter's consent.

## CONCLUSION

[14] Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt to sustain Horton's conviction for residential entry.

[15] Affirmed.

[16] Crone, J. and Altice, J. concur