# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher P. Phillips
Phillips Law Office P.C.
Monticello, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Denver Sasser,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 31, 2017

Court of Appeals Case No.
79A05-1705-CR-1020

Appeal from the Tippecanoe Superior Court

The Honorable Sean M. Persin, Judge

Trial Court Cause No.
79D05-1610-F6-903
79D05-1611-CM-4039

**Pyle, Judge.**

# Statement of the Case

Davis D. Sasser appeals his conviction after a bench trial for Level 6 felony residential entry.[1] His sole argument is that there is insufficient evidence to support his conviction. Concluding that the evidence is sufficient, we affirm Sasser's residential entry conviction.

We affirm.

# Issue

The sole issue for our review is whether there is sufficient evidence to support Sasser's residential entry conviction.

# Facts

The facts most favorable to the verdict reveal that in October 2015, Dr. Angelica Koppalis ("Dr. Koppalis") hired sixty-two-year-old Sasser to help her rake and blow leaves. Dr. Koppalis paid Sasser $10.00 an hour in cash. The second time that Sasser worked at her house, Dr. Koppalis went out and picked up lunch for them both. When she returned home, Dr. Koppalis gave Sasser his sandwich outside. Sasser followed the doctor back into her house and grabbed her. He asked Dr. Koppalis if she thought he smelled good and told

---

[1] IND. CODE § 35-43-2-1.5. Sasser also pleaded guilty to Class A misdemeanor failure of a sex offender to possess identification. *See* IND. CODE § 11-8-8-15. Sasser does not appeal that conviction.

her that he had taken a shower in the bathroom adjacent to her bedroom. Dr. Koppalis became very upset and told Sasser to leave.

[4] One day the following week, Dr. Koppalis returned home from work and was "shocked" to see Sasser sitting in her living room. (Tr. 24). She had not given him permission to be in the house, and she asked him to leave. Sasser asked the doctor why she did not want to sit and talk to him and then grabbed her and asked her if it felt good to hug. Dr. Koppalis told Sasser to leave, and, this time, he did.

[5] Dr. Koppalis contacted the police, and Sasser was subsequently charged with Level 6 residential entry. At trial, Sasser testified that Dr. Koppalis had invited him to stay at her house while she was at work. According to Sasser, Dr. Koppalis had also given him access to the refrigerator and let him sleep in her shed.

[6] At the end of the bench trial, the trial court concluded that Sasser's testimony was not credible. Specifically, the trial court explained to Sasser as follows:

> It comes down to who do I believe, who do I find credible. And I believe – I found her to be credible. I don't see any evidence where you had permission to be in this house. You went into the house, you committed the crime of residential entry. I believe the [S]tate has proven its case beyond a reasonable doubt.

(Tr. 104).

[7] Sasser now appeals.

# Decision

[8] Sasser argues that there is insufficient evidence to support his residential entry conviction. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[9] In order to convict Sasser of Level 6 felony residential entry, the State had the burden to prove beyond a reasonable doubt that Sasser knowingly or intentionally broke and entered Dr. Koppalis' dwelling. *See* I.C. § 35-43-2-1.5. On appeal, Sasser does not contest that he knowingly or intentionally broke and entered Dr. Koppalis' dwelling. Instead, he argues that he had Dr. Koppalis' consent to enter her residence.

[10] Lack of consent is not an element of residential entry that the State has to prove. *Holman v. State*, 816 N.E.2d 78, 81 (Ind. Ct. App. 2014), *trans. denied*. Rather, it is the defendant's burden to claim and prove consent as a defense. *McKinney v. State*, 653 N.E.2d 115, 118 (Ind. Ct. App. 1995). A defendant's belief that he has permission to enter a residence must be reasonable in order for him to avail himself of the consent defense. *Id.* Once a defendant successfully

raises the consent defense, the State has the burden of disproving the defense beyond a reasonable doubt. *Holman*, 816 N.E.2d at 81.

[11] Here, there is no evidence that Sasser's alleged belief that he had permission to enter Dr. Koppalis' home was reasonable, and therefore he cannot avail himself of the defense of consent. Specifically, Sasser testified that his belief that he had permission to enter Dr. Koppalis' home was based upon her invitation to him. However, Dr. Koppalis' testimony contradicted Sasser's claims, as she denied ever inviting Sasser into her home. Sasser's argument is simply a request for us to reweigh the evidence and reassess witness credibility, which we will not do. *See Drane*, 867 N.E.2d at 146. The State presented sufficient evidence to support Sasser's residential entry conviction.

[12] Affirmed.

Riley, J., and Robb, J., concur.