## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2020, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Carr, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 10, 2020

Court of Appeals Case No.
20A-CR-431

Appeal from the Marion Superior Court

The Hon. Barbara Crawford, Judge

Trial Court Cause No.
49G01-1612-F1-48911

**Bradford, Chief Judge.**

# Case Summary

[1] Between 2013 and October of 2016, Shauntelle Gray and Robert Carr III were involved in a tumultuous romantic relationship that involved incidents of domestic violence. After Shauntelle and Carr broke up, Shauntelle went to live with her parents Larry and Kelly Gray, and Carr threatened to kill Shauntelle and her family. On the morning of December 23, 2016, Carr appeared at Shauntelle's parents' house. Larry opened the door and pointed a handgun at Carr, intending to keep him there until police could arrive. Carr raised his own handgun and shot at Larry as he backed away, striking him in the abdomen.

[2] The State eventually brought Carr to trial on charges of Level 1 felony attempted murder, Level 1 felony burglary, Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"), Level 5 felony intimidation, and Level 3 felony aggravated battery and an allegation that he was a habitual offender. The jury found Carr guilty of SVF, intimidation, and aggravated battery, and he later admitted to being a habitual offender. The trial court imposed an aggregate sentence of twenty years of incarceration. Carr contends that the trial court abused its discretion in refusing to instruct the jury on criminal recklessness. Because we disagree, we affirm.

# Facts and Procedural History

[3] In 2013, Shauntelle and Carr began dating; their relationship was on-and-off, tumultuous, involved incidents of domestic violence, and lasted until October of 2016. In early December of 2016, Carr threatened to kill Shauntelle and her

entire family, prompting Kelly and Larry to install a video surveillance system at their Indianapolis home and Larry to purchase a handgun. On the morning of December 23, 2016, Shauntelle was living with Kelly and Larry and was asleep on a couch. At approximately 5:30 a.m., Kelly and Larry were awakened by alerts on their mobile telephones, on which they were also able to access video from their surveillance system. When Kelly and Larry determined that Carr was standing outside their front door, Larry went with his handgun to the door, intending to keep Carr at bay until police could arrive.

[4] When Larry opened the door, pointed his handgun at Carr, and told him not to move, Carr raised his own handgun and said, "what's up?" Tr. Vol. III p. 64. As Larry backed away from the door, telling Carr "[y]ou don't want to do this," Carr, who was standing in the open doorway, shot him in the abdomen. Tr. Vol. III p. 67. Larry returned fire while Carr continued shooting. Kelly ran down the hallway and attempted to force the front door closed, but Carr managed to block the door with his arm and continued shooting.[1] After emptying his handgun, Carr forced the door open and walked past Kelly and Larry toward the garage, into which Shauntelle had fled. Police soon found Shauntelle and apprehended Carr shortly after that.

[5] On December 27, 2016, the State initially charged Carr with eight crimes but later dismissed three of those counts, eventually settling on charges of Level 1

---

[1] Larry also sustained a gunshot wound to his arm, but he testified that he could not recall when it occurred. Consequently, there is no indication in the record as to whether Carr shot Larry in the arm before or after Kelly attempted to close the door on Carr.

felony attempted murder, Level 1 felony burglary, Level 4 felony SVF, Level 5 felony intimidation, and Level 3 felony aggravated battery. The State also alleged that Carr was a habitual offender. Carr's trial was held from May 20 to 22, 2019, during which he requested that the trial court instruct the jury on the allegedly lesser-included crime of criminal recklessness, a request the trial court denied. The jury found Carr guilty of SVF, intimidation, and aggravated battery; acquitted him of burglary; and could not reach a verdict on the attempted-murder charge. On November 15, 2019, Carr agreed to admit to being a habitual offender in exchange for dismissal of the attempted-murder charge. On January 24, 2020, the trial court sentenced Carr to an aggregate sentence of twenty years of incarceration.

# Discussion and Decision

[6] Carr contends only that the trial court abused its discretion in refusing to deliver his proposed instruction on criminal recklessness. The manner of instructing the jury is left to the sound discretion of the trial court. *Patton v. State*, 837 N.E.2d 576, 579 (Ind. Ct. App. 2005). A trial court's instruction decision will be reversed on appeal only where the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. *Id*. When a trial court rejects a tendered lesser-included offense instruction on its merits and makes a finding that there is no serious evidentiary dispute, then the standard of review is also whether it abused its discretion. *Wilson v. State*, 765 N.E.2d 1265, 1271 n.5 (Ind. 2002) (citing *Brown v. State*, 703 N.E.2d 1010, 1020 (Ind. 1998)).

When a party calls upon the trial court to instruct the jury on a lesser-included offense of the crime charged, the trial court must

> (1) determine whether the lesser-included offense is inherently included in the crime charged; if not, (2) determine whether the lesser-included offense is factually included in the crime charged; and, if either, (3) determine whether a serious evidentiary dispute exists whereby the jury could conclude that the lesser offense was committed but the greater was not.

*Miller v. State*, 720 N.E.2d 696, 702 (Ind. 1999) (citing *Wright v. State*, 658 N.E.2d 563, 566-67 (Ind. 1995)).

Carr concedes that criminal recklessness is not inherently included in either attempted murder or aggravated battery. Carr, however argues that criminal recklessness was factually included in the attempted murder and aggravated battery charges as charged in this case. We acknowledge that "[a]n offense which is not a necessarily or inherently included offense of another offense may still be included as charged 'if the charging instrument reveals that the manner and means used to commit the essential elements of the charged crime include all the elements of the lesser crime.'" *Shoup v. State*, 570 N.E.2d 1298, 1304 (Ind. Ct. App. 1991) (quoting *Jones v. State*, 519 N.E.2d 1233, 1234 (Ind. 1988)), *recognized as superseded on other grounds by statute in Pierce v. State*, 677 N.E.2d 39, 47 (Ind. 1997). That, however, is not what happened in this case.

The charge for attempted murder in this case read as follows:

> On or about December 23, 2016, ROBERT WELDON CARR III did attempt to commit the crime of Murder, which is to intentionally kill another human being, namely: Larry Gray, by engaging in conduct, that is: intentionally shooting a handgun and

striking Larry Gray multiple times, with the intent to kill, which conduct constituted a substantial step toward the commission of said crime of Murder[.]

Appellant's App. Vol. II p. 54. As for the aggravated battery charge, it read as follows: "On or about December 23, 2016, ROBERT WELDON CARR III did knowingly or intentionally inflict injury on Larry Gray that created a substantial risk of death[.]" Appellant's App. Vol. II p. 55.

[10] The portion of the criminal recklessness statute pursuant to which Carr requested a jury instruction provides as follows:

> A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness[,] a Level 5 felony if […] it is committed by shooting a firearm into an inhabited dwelling or other building or place where people are likely to gather[.]

Ind. Code § 35-42-2-2. Despite the presence of the words "knowingly" and "intentionally" in the criminal recklessness statute, "the *essential* element of the offense is reckless behavior." *Humes v. State*, 426 N.E.2d 379, 382 (Ind. 1981) (emphasis in original).[2] Put another way, "the criminal recklessness statute contemplates that the act, whether intentional or not, must be done with reckless disregard of the consequences." *Shoup*, 570 N.E.2d at 1305. In contrast, intentional and/or knowing acts are required to establish murder and/or battery. *Id.* In this case, the State simply did not charge Carr with

---

[2] The *Humes* Court reconciled the apparently contradictory *mens rea* language in the criminal-recklessness statute by noting that "reckless behavior does involve some intentional elements." *Humes*, 426 N.E.2d at 383.

acting recklessly; his attempted-murder and aggravated-battery charges were based on allegations that he shot Larry knowingly or intentionally. Because neither the attempted-murder nor aggravated-battery charges alleged the essential element of criminal recklessness, criminal recklessness was not factually included in the attempted-murder or aggravated-battery counts as charged in this case.

[11] In any event, there was no serious evidentiary dispute that Carr was acting intentionally or knowingly when he shot Larry. Carr points to evidence that he took some shots after Kelly partially closed the door on him, when he apparently could not see where his shots were going. Those shots, however, were not the basis of Carr's attempted-murder or aggravated-battery charges. Carr's argument on this point ignores evidence of the shot (or shots) taken *before* Kelly partially closed the door on him, when Carr raised his weapon, aimed it at Larry through an open door, and shot him at close range, striking him in the abdomen. Carr argues unconvincingly that this evidence does not tend to show that he intended to shoot Larry. In short, this evidence does not indicate that Carr had a reckless disregard for the consequences of his actions; rather, it indicates that he fully intended them. We conclude that there is no serious evidentiary dispute that Carr acted knowingly or intentionally when he shot Larry through the open doorway. Carr has failed to establish that the trial court abused its discretion in refusing the instruct the jury on criminal recklessness.

[12] We affirm the judgment of the trial court.

Najam, J., and Mathias, J., concur.